**Hon. Kenneth RUSH, Plaintiff,**

v.

**DEPARTMENT OF STATE and National Security Council, Defendants.**

**No. 88–8245–CIV.**

United States District Court, S.D. Florida.

Aug. 4, 1989.

David L. Sobel, Washington, D.C., for plaintiff.

Jason R. Baron, Dept. of Justice, Washington, D.C., for defendants.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the parties' Cross Motions For Partial

Summary Judgment On The Issue Of The Court's Jurisdiction. The court has considered the motions and has heard oral argument of able counsel and, being otherwise duly advised, finds as follows:

### Background

Plaintiff, a former United States Ambassador to the Federal Republic of Germany, seeks release and declassification of 41 documents relating to negotiations he conducted with representatives of the Soviet Union in 1971. The defendants, the Department of State ("State Department") and the National Security Council ("NSC") object to declassification, arguing that this Court is without jurisdiction under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 to hear this dispute. The defendants maintain that the documents at issue are White House records which were never converted into "agency records" and are thus exempt from disclosure under the FOIA. Defendants further argue that the documents fall within the provisions of the Presidential Recordings and Materials Preservation Act of 1974 ("Materials Act"), 44 U.S.C. § 2107, which governs the legal disposition of Nixon presidential materials.

A review of the documents' history is important to this Court's determination of whether the documents are "agency records" and thus whether the court has jurisdiction to hear this dispute. The documents in question consist of secret correspondence between plaintiff and Henry A. Kissinger, then Assistant to the President for National Security Affairs, concerning the Quadripartite Negotiations on the status of Berlin. At President Nixon's direction the correspondence was conducted through a so-called "back channel" rather than through 'official" Department of State channels of communication.

In March 1977, while plaintiff served as Ambassador to France and was preparing to leave government service, he sent his set of documents to the Department of State. In his transmittal letter, plaintiff stated that the material "should now be included in the files of the Berlin negotiations of the State Department in order that those State Department files may be complete." Exhibit A (attached to Complaint). Upon the material's receipt, the State Department historian reviewed the documents to determine whether any of the materials contained any information documenting Department of State activities which were not already reflected in the official records of the State Department. The historian confirmed that the file recorded discussions that were outside of the recognized Department of State negotiations but decided to store the documents in a Top Secret Vault within the Department of State. The State Department did not consult any other agency or entity during the course of its review nor did the Department conclude that the material should be placed in the custody of some other entity.

After the Department of State had held the documents for nine years, plaintiff requested that the Department declassify and release the material for possible publication. As a basis for the request, plaintiff noted that: "These are not State Department files and are not a part of the official record of the Four Power Talks. They are personal files which I decided to deposit in your Department for safekeeping...." Exhibit B (attached to Complaint) The Department of State treated plaintiff's request as a Freedom of Information Act request and, with the concurrence of defendant National Security Council, determined that 20 documents should be held from release. The Department advised plaintiff of his right to appeal its decision and further advised him that an additional 39 documents required "coordination with the NSC." Exhibit F (attached to Complaint) At no time during the processing of plaintiff's request did defendants suggest that any other entity had control over the requested documents nor did they suggest that the documents were anything other than State Department records.

Plaintiff appealed the Department of State's decision to withhold the documents, exhausted all administrative remedies, and intitiated this action on May 25, 1988. Defendants moved for Summary Judgment on the ground that the disputed documents are not agency records and that this court

thus lacks jurisdiction. Plaintiff opposes the motion and submits that he is entitled to judgment on the jurisdictional issue as a matter of law.

### Discussion

Under the Freedom of Information Act, this Court only "has jurisdiction to enjoin the *agency* from withholding *agency records* and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B) (emphasis added). As the Supreme Court stated in *Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980):

> Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) "improperly" (2) "withheld"; (3) "agency records." . . . .

The FOIA does not by its own terms define what constitutes an "agency record". However, on June 23, 1989, the United States Supreme Court, in *U.S. Department of Justice v. Tax Analysts,* —— U.S. ——, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989), held that "[t]wo requirements ... must be satisfied for requested materials to qualify as 'agency records.'" —— U.S. at ——, 109 S.Ct. at 2847–48.

> First, an agency must "either create or obtain" the requested materials "as a prerequisite to its becoming an 'agency record' within the meaning of the FOIA." ...
>
> Second, *the agency must be in control of the requested materials* at the time the FOIA request is made. *By control we mean that the materials have come into the agency's possession* in the legitimate conduct of its official duties. This requirement accords with *Kissinger's* teaching that the term "agency records" is not so broad as to include personal materials in an employee's possession even though the materials may be physically located at the agency.

*Id.* at ——, 109 S.Ct. at 2847–48 (citations omitted; emphasis added). The Court emphasized that "[t]he control inquiry focuses on an agency's possession of the requested materials". *Id.*

In the case *sub judice,* both parties agree that the Department of State did not "create" the documents in question. However, plaintiff maintains that the documents were "obtained" by the Department of State and thus became "agency records". The Department of State is the only entity that has exercised control over the documents since it obtained them in 1977. High level State Department officials reviewed the material and none concluded that the documents should be placed in the custody of some other agency or entity. The State Department apparently believed that the proper treatment of the material was a matter solely within its discretion as there is no indication that the State Department has ever consulted any agency other than the NSC concerning the status of the documents.

Further, and most compelling, is that the defendants have failed to identify *any* other entity that has exercised control over the documents. "Unless there is evidence of control by some other entity, [the court] must conclude that [defendants] control these documents." *Ryan v. Department of Justice,* 617 F.2d 781, 786 (D.C.Cir.1980).

As the Court noted in *Tax Analysts,* "[t]he burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records'..." —— U.S. at —— n. 3, 109 S.Ct. at 2846 n. 3. Applying the present facts to the law articulated in *Tax Analysts,* this Court finds that defendants have failed to demonstrate that the materials sought are not "agency records" and accordingly, it is

ORDERED AND ADJUDGED that the defendants' Motion for Summary Judgment is DENIED and plaintiff's Motion For Partial Summary Judgment On The Issue Of The Court's Jurisdiction is hereby GRANTED. Defendants shall have ten (10) days from the date of this Order to file an Answer.

DONE AND ORDERED.